**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**

– – – – – – – – – – – – – – – – – – – – – – – – – – – X – – – –

Robert Harris, Darius Harris, Eric Redmond, Malcolm
Stewart, and Peter Reeves

                            *Plaintiffs*,

                    against                    :         Docket No.: 3:22-cv-479-TSL-MTP

Sam Dobbins, in his individual capacity, Charles
Henderson, in his individual and official capacities as
Interim Chief of Police of Lexington, Mississippi, the
City of Lexington, the Lexington Police Department,

                            *Defendants*.

– – – – – – – – – – – – – – – – – – – – – – – – – – – X – – – –

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION

Come now Plaintiffs Robert Harris, Darius Harris, Eric Redmond, Michael Stewart, and Peter Reeves, and move the Court for a **Temporary Restraining/Preliminary Injunction Order** in this proceeding. Plaintiffs state the following in support of their Motion:

Plaintiffs are suffering ongoing civil rights violations, including suppression of speech, pending charges as a result of their false arrest, an ongoing threat of future false arrests, interference with their right to travel, and denial of equal protection under the law as a result of Defendants Lexington Police Department and the City of Lexington's campaign of racist policing. Unless this Court promptly intervenes, Plaintiffs and other Black Lexington residents will not only continue to have their rights violated but suffer significant tangible harms in the

1

form of physical injury, the costs of bail and defending against false arrests, and lost income and familial association due to inability to travel. This Court should grant a temporary restraining order prohibiting LPD from implementing its unconstitutional policies.

As explained more fully in the accompanying memorandum of law, Plaintiffs satisfy all requirements for a temporary restraining order. *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008)(a plaintiff seeking emergency relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir.1983).

First, given the extremely egregious nature of the constitutional violations at issue, Plaintiffs are substantially likely to succeed on the merits of the claims. Where Plaintiffs and other Black Lexington residents object to or challenge LPD's violence, they are arrested on baseless charges. Those false arrests are usually attended by unnecessary force, including the use of tasers and violent vehicle extractions. Even residents who do not speak out against LPD cannot escape their unconstitutional tactics. In particular, LPD sets up roadblocks to conduct spot checks of drivers in predominantly Black neighborhoods in Lexington. These roadblocks are erected dozens of times a year with the sole purpose of conducting suspicion-less stops and searches of Black drivers. The roadblocks and general harassment of Black drivers deters many individuals, including Plaintiffs, from traveling on main thoroughfares at certain times a day. All of these policing tactics are targeted at Black people in Lexington. The disparate treatment of Black Lexington residents is consistent with the historical and current government patterns of racial discrimination. Defendants conduct indisputably violates Plaintiffs' First Amendment Right to Be Free from Retaliation, Fourth Amendment Rights to Be Free from Unreasonable

Search and Seizure as well as Excessive Force, constitutional right to travel, and equal protection rights.

The remaining injunctive factors also support this Court entering an order for a preliminary injunction. Plaintiffs face irreparable harm in that they will continue to be deprived of their constitutional rights and suffer physical and financial injuries without a temporary restraining order. In contrast, the only burden on Defendants will be that they must obey the Constitution. Finally, the public interest always favors protection of constitutional rights.

Counsel certifies that Plaintiffs immediately served a copy of the Complaint, Plaintiffs' Motion for a Temporary Restraining Order, and accompanying Memorandum of Law on Defendants. For these reasons, Plaintiffs request that this Court enter an immediate temporary restraining order enjoining LPD from continuing its campaign of police violence and constitutional violations against Plaintiffs and other Black residents of Lexington.

Respectfully submitted,

This 16th of August, 2022

__ /s/ Thomas J. Bellinder, Esq. _____
Thomas J. Bellinder (MSB # 103115)
**BELLINDER LAW FIRM**
200 E. Government St.
Brandon, MS 39042
Phone: (601) 487-9340
Fax: (601) 265-1795
Thomas.Bellinder@BellinderLawFirm.com

3