IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT HARRIS, ET AL.**                                                                                   **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 3:22-cv-479-TSL-MTP**

**SAM DOBBINS, ET AL.**                                                                                   **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiffs' Motion to Lift Order Staying Discovery [60]. Having considered the record, the parties' submissions, and the applicable law, the Court find that the Motion [60] should be denied.

In this action, Plaintiffs Robert Harris, Darius Harris, Eric Redmond, Malcolm Stewart, and Peter Reeves allege that the City of Lexington, its police department, its interim police chief Charles Henderson, its former police chief Sam Dobbins, and the following police officers: Cordarius Epps, James Shiers, Justin Newell, and Derrick Scott engaged in a campaign of racial and retaliatory abuse and harassment aimed at black citizens of Lexington. On October 17, 2022, Defendant Dobbins filed a Motion for Judgment on the Pleadings [51], asserting the defense of qualified immunity. Because Dobbins raised qualified immunity, the Court stayed the attorney conference, disclosure requirements, and all discovery pending the Court's ruling on the Motion for Judgment on the Pleadings [51] pursuant to Local Uniform Civil Rule 16.[1]

---

[1] L.U. Civ. R. 16(b)(3)(B) provides as follows:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal. Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

1

On November 7, 2022, Plaintiffs filed the instant Motion to Lift Order Staying Discovery [60]. Plaintiff requests that the Court lift the stay and allow discovery as to their claims against the City of Lexington, the police department, and individual Defendants who had not asserted an immunity defense.[2] Defendants oppose the Motion [60]. *See* Response [70]; Joinder [71].

In support of its Motion [60], Plaintiffs note that the Municipal Defendants (the City of Lexington, the police department, and Henderson in his official capacity) are not entitled to qualified immunity and that the Court has discretion under L.U. Civ. R. 16(b)(3)(B) to permit discovery pending resolution of the Motion [51]. For their part, Defendants argue that the United States Circuit Court for the Fifth Circuit's recent ruling in *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022) forecloses Plaintiffs' discovery request. In *Carswell*, the plaintiff sought to depose defendants who had asserted qualified immunity, relying on the district court's scheduling order that allowed limited discovery "if the plaintiff believes discovery is necessary to resolve the QI defense" or if discovery was in the defendant's capacity as a "witness." *Id*. at 1064-65.

While some of the Fifth Circuit's prior cases had allowed "narrow" and "careful" discovery prior to ruling on immunity "if further factual development is necessary to ascertain the availability of that defense," *Carswell* overruled those precedents, stating:

> We hold the district court abused its discretion by deferring its ruling on qualified immunity and subjecting the immunity-asserting defendants to discovery in the meantime. Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the immunity question at that stage. It cannot defer that question until summary judgment. Nor can it permit discovery against the immunity-asserting defendants before it rules on their defense.

*Id*. at 1066.

---

[2] After Plaintiff filed the instant Motion [60], the remaining individual Defendants filed a Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment [66] [68] asserting qualified immunity.

Plaintiffs attempt to distinguish this case from *Carswell* by pointing out that differences between the discovery sought in that case and the discovery sought here. As previously mentioned, the plaintiff in *Carswell* sought to depose the individual defendants who had raised qualified immunity before the district court had ruled on their immunity defenses. However, according to the Plaintiffs in the instant case, they will not depose the individual Defendants asserting qualified immunity nor propound any written discovery requests upon these Defendants. Plaintiffs assert that "there is a range of discovery that Plaintiffs could pursue without requiring any participation of the individual defendants while the motion to dismiss is pending." *See* [61] at 4. Plaintiffs propose pursuing evidence related to the Municipal Defendants' customs, training, and patterns of misconduct as well as taking 30(b)(6) depositions on these topics.

Plaintiffs' tenuous assurances that the individual Defendants (including the interim police chief and the former police chief) will not have to participate in discovery pending a ruling on their qualified immunity defense is insufficient to escape *Carswell*'s prohibition on discovery. The Fifth Circuit quoted the following language from the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Carswell*, 37 F.4th at 1068 (quoting *Iqbal*, 556 U.S. at 685-86).

Plaintiffs have not demonstrated that the individual Defendants would not face burdens of discovery if the Court were to allow discovery to proceed pending rulings on their Motions for Judgment on the Pleadings [51] [66].

Plaintiffs also argue that they will be unduly prejudiced if the stay of discovery is not lifted because they are concerned about "spoliation." But, Plaintiffs have not demonstrated that spoliation has occurred or that it is likely to occur, and the Court is not convinced that Plaintiffs' fear of spoliation offers them an exemption from the Fifth Circuit's holding in *Carswell*. Additionally, Plaintiffs are not left without protections from spoliation as the law allows for remedies such as sanctions, adverse inference instructions given to the jury, and the entry of default. *See Union Pump Co. v. Centrifugal Technology Inc.*, 404 Fed. Appx. 899, 906 (5th Cir. Dec. 16, 2010); *Baggett v. Yamaha Motor Co., Ltd.*, 2008 WL 11506271, at *3-5 (S.D. Miss. Jan. 11, 2008).

Finally, Plaintiffs argue that Defendants, in their Motions for Judgment on the Pleadings [51] [66], rely on evidence outside the pleadings and that, as a result, the Court should treat the Motions [51] [66] as summary judgment motions pursuant to Fed. R. Civ. P. 12(d) and allow discovery. Defendants disagree, arguing that they have not relied on any evidence which would require the Court to treat the Motions as summary judgment motions. Regardless, the undersigned will not address that issue in this Order. The District Judge, in his review of the Motions [51] [66], will be in a position to determine whether these Motions can be decided on the pleadings.

IT IS, THEREFORE, ORDERED that Plaintiffs' Motion to Lift Order Staying Discovery [60] is DENIED.

SO ORDERED this the 22nd day of November, 2022.

                                    s/Michael T. Parker
                                    UNITED STATES MAGISTRATE JUDGE