UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PETER REEVES                                                    PLAINTIFF

VS.                                    CIVIL ACTION NO.: 3:23-CV-333-TSL-MTP

SAM DOBBINS, ET AL.                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the separate motions of defendant Sam Dobbins and defendants City of Lexington and Charles Henderson, Cordarius Epps and Justin Newell for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Plaintiff Peter Reeves has responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

Around 2:00 a.m. on the morning of March 6, 2022, Peter Reeves was stopped at a roadblock operated by the City of Lexington Police Department (LPD).  At the time, he was heading home from a nearby nightclub.  At the roadblock, he was detained and his vehicle searched after officers reportedly smelled marijuana emanating from the vehicle.  During the search, officers found pill bottles containing Oxycontin pills not prescribed for Reeves.  Reeves was arrested for illegal possession of a controlled substance and was ticketed for having

1

illegal tint on the vehicle and no insurance.  Reeves paid the tickets for the traffic offenses.  The drug charge was ultimately dismissed.

In this action, brought pursuant to 42 U.S.C. § 1983, Reeves has sued for damages, and for an injunction, based on allegations that the stop which led to his arrest and the subject traffic citations violated his rights under the Fourth and Fourteenth Amendments.  According to his complaint, the roadblock where he was stopped was conducted as part of a roadblock program implemented by defendant Dobbins during his tenure as LPD's police chief.  Such roadblocks, the complaint alleges, had become commonplace during Sam Dobbins' tenure as the City's police chief.  They were set up multiple times per week, and sometimes per day, throughout the City, but primarily – almost exclusively, in fact – in black neighborhoods and near black churches or sporting events, areas which experienced heavier traffic from black residents/motorists.  He alleges that these roadblocks, which targeted blacks, were not conducted for any permissible law enforcement purpose but rather were intended to generate money for the City by issuing fines and making arrests that required arrestees to pay a bond.  To that end, they were effective, as revenue from tickets and bonds increased dramatically due to Dobbins' roadblock program.  So effective was the program that after Dobbins was terminated as police

2

chief in July 2022, his successor, Interim Chief Charles Henderson, has continued the program, albeit with somewhat less intensity than his predecessor.  Reeves alleges that the roadblock program, and the roadblock where he was stopped, detained and arrested, violated his Fourth Amendment right against unreasonable seizure and his rights under the Equal Protection clause.

The Motion

Defendants' motions raise several grounds for dismissal of Reeves' claims, among them, that his claims are barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  The court previously rejected defendants' Heck argument when raised on their motion to dismiss, see Harris v. Dobbins, No. 3:22-CV-479-TSL-MTP, 2022 WL 4229321, at *1 (S.D. Miss. Sept. 13, 2022), but defendants urge the court to revisit the issue and conclude that, as a matter of law, Reeves' claims are barred by Heck.

The Supreme Court held in Heck that a plaintiff in a § 1983 civil rights action may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

3

to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87, 114 S. Ct. 2364 (internal footnote omitted). Under Heck, a convicted criminal whose conviction has not been reversed, expunged or declared invalid "may not bring a claim under ... § 1983, if success on that claim would necessarily imply the invalidity of a prior conviction." Olivier v. City of Brandon, Miss., No. 22-60566, 2023 WL 5500223, at *3 (5th Cir. Aug. 25, 2023) (quoting Aucoin v. Cupil, 958 F.3d 379, 382 (5th Cir. 2020), and citing Heck, 512 U.S. at 487, 114 S. Ct. 2364). "The Heck bar seeks to ensure 'finality and consistency' of prior criminal proceedings and to prevent 'duplicative litigation and the potential for conflicting judgments.'" Id. (citing Aucoin, 958 F.3d at 380, 382). Put another way, "Heck does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" Morris v. Mekdessie, 768 Fed. Appx. 299, 301 (5th Cir. April 26, 2019) (citing Heck, 512 U.S. at 484, 114 S. Ct. 2364).

While the drug charge against Reeves was dismissed, he paid the fines for the window tint and no insurance infractions and thus stands convicted of these offenses for Heck purposes. See Wilson v. Midland Cnty., Texas, No. 22-50998, 2024 WL 4178185,

4

at *2 (5th Cir. Sept. 13, 2024) (holding that "favorable-termination requirement is ... concerned with *all* § 1983 claims by *all* civil plaintiffs who seek civil remedies against defective criminal processes."). The determinative question is thus whether success on Reeves' claims would "necessarily imply the invalidity of his conviction; if it would the complaint must be dismissed...." Heck, 512 U.S. at 486, 114 S. Ct. 2364.

In Hicks v. LeBlanc, the Fifth Circuit recently noted the Supreme Court's recognition of the importance of the "necessarily" implies requirement, stating:

> The Supreme Court has emphasized that it was "careful in Heck to stress the importance of the term 'necessarily,'" such as when the Court "acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not 'necessarily imply that the plaintiff's conviction was unlawful.'" Nelson v. Campbell, 541 U.S. 637, 647, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (quoting Heck, 512 U.S. at 487 n.7, 114 S. Ct. 2364). "To hold otherwise," the Court continued, "would have cut off potentially valid damages actions as to which a plaintiff might never obtain favorable termination–suits that could otherwise have gone forward had the plaintiff not been convicted." Id.

81 F.4th 497, 507 n.38 (5th Cir. 2023). As Reeves correctly points out, other circuits, largely in reliance on such language, have broadly held that "Fourth Amendment claims for unlawful searches or [seizures] do not necessarily imply a conviction is invalid, so *in all cases* these cases can go

5

forward." Copus v. City of Edgerton, 151 F.3d 646, 648 (7th Cir. 1998) (emphasis added); see also Moore v. Sims, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (holding that § 1983 unlawful seizure claims are not barred by Heck); Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996) ("[A] charge that probable cause for a warrantless arrest was lacking, and thus the seizure was unconstitutional, would not necessarily implicate the validity of a subsequently obtained conviction."). The Fifth Circuit, however, does not subscribe to this broad, categorical view. That is not to say it "hold[s] that Heck bars a 1983 claim for every search and seizure that results in some ultimate criminal conviction;" it expressly does not. Shipman v. Sowell, 766 Fed. Appx. 20, 28 (5th Cir. March 21, 2019). But in the context of civil claims challenging the lawfulness of searches or seizures, it takes a nuanced approach, holding that "a plaintiff's unlawful search and seizure claim undermines the validity of a conviction" and is Heck-barred if the conviction is based on evidence that "was a direct or indirect product of the alleged unlawful search and seizure," but "[i]f ... the illegally obtained evidence is admissible under the independent source or inevitable discovery doctrine, or if the evidence's admission is deemed harmless, [the] claim does not necessarily imply the invalidity of [the] conviction[]" and the claim is not Heck-barred. Blimline v. Thirty Unknown Employees of the Sec.

6

and Exch. Comm'n, 757 Fed. Appx. 299, 302 (5th Cir. 2018) (citing Heck, 512 U.S. at 487 n.7, 114 S. Ct. 2364)). See also Weems v. Conley, 770 Fed. Appx. 237, 238 (5th Cir. 2019) (finding claims barred by Heck where firearm that served as basis for convictions "was a direct and indirect product of the allegedly unlawful entry, search, seizure, and arrest" and rejecting as factually unsubstantiated plaintiff's argument that firearm could have been admissible under the inevitable discovery doctrine); cf. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) (finding false arrest claim barred by Heck because, if the arrest was invalid, the firearm discovered during the arrest would be subject to suppression as "fruit" of an illegal arrest, and finding it "improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence" as there was "no reason reflected in the record before us to believe that the police would have discovered the firearm had they not arrested Hudson for burglary."); Carr v. Hoover, 837 Fed. Appx. 279, 281 (5th Cir. 2020) (although stolen tools were recovered in inventory search of vehicle following allegedly unlawful arrest, Heck did not bar unlawful arrest claim because "[e]ven if the [stolen] tools were unlawfully discovered," that would not "necessarily imply" the invalidity of Carr's burglary conviction where evidence showed that different officers, independently called to

7

the burglary scene, had watched surveillance showing Carr breaking into vehicles and stealing tools).

Defendants herein submit that success on Reeves' unlawful seizure claims necessarily implies the invalidity of his conviction for, at a minimum, the offense of not having insurance, because, if Reeves had not been stopped at the roadblock, the officers would not have discovered that he did not have insurance, as required by law; and, if the stop was unconstitutional, then proof of no insurance would have been suppressed at a criminal trial as fruit of the poisonous tree.[1] See Conway v. Caldwell Cnty. Sheriff's Office, No. A-14-CA-069-SS, 2015 WL 769744, at *7 (W.D. Tex. Feb. 20, 2015) (holding that unlawful seizure claim was barred by Heck because, "if the plaintiff were to successfully demonstrate that his initial seizure and detention violated his Fourth Amendment rights, that would imply the invalidity of his conviction because the drugs would be considered the fruit of the poisonous tree."). For their part, plaintiff submits that "LPD officers could have conceivably stopped Reeves outside of the unlawful roadblock because of his readily observable tinted windows and thereafter

---

[1]    Perhaps because the window tint violation, in contrast to the no insurance violation, would have been plainly visible, defendants do not specifically argue that the window tint violation would not have been discovered but for the allegedly illegal stop.

discovered he was not driving with his insurance." The court, however, is not concerned with speculation about how officers might conceivably have come to know that Reeves was operating his vehicle with no insurance. The court can envision any number of ways this information may have eventually come to light. But what is required is evidence; and here, there is no "reason reflected in the record" on which the court could conclude that the insurance infraction would have been discovered but for the allegedly illegal stop. It follows that Reeves' claims relating to the March 6, 2022 stop, and the broader roadblock program of which this stop was a part, are barred by Heck.[2] That is to say, Heck bars the claim in its entirety because if the program was unconstitutional, then this stop was unconstitutional, and the fact of Reeves' driving without insurance was discovered as a result of the allegedly illegal roadblock program.[3] See Olivier, 2023 WL 5500223, at *3 ("Though a classic example of a Heck-barred claim is one for

---

[2]    Because the salient inquiry under Heck is whether success on a claim would "necessarily imply" the invalidity of the conviction, the fact that Reeves does not purport to be directly challenging his convictions but rather only the stop itself is beside the point. The court was incorrect in stating otherwise in its previous opinion.

[3]    As Reeves was only stopped once at an LPD roadblock, on that morning of March 6, 2022, and as he is barred from asserting civil claims relating to that arrest, it also follows that he has no standing to challenge the roadblock program.

9

money damages, courts have expanded <u>Heck</u> to also bar declaratory and injunctive relief.") (citations omitted).

<u>Conclusion</u>

Based on the foregoing, it is ordered that defendants' motions for summary judgment are granted and the complaint will be dismissed without prejudice.[4]

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 24th day of September, 2024.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[4]    Plaintiff's putative equal protection claims are likewise barred by <u>Heck</u>.  <u>See</u> <u>Taylor v. Tipps</u>, 210 F.3d 368 (5th Cir. 2000) (affirming district court's dismissal of plaintiff's due process and equal protection claims as <u>Heck</u> barred).